FILED
December 6, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____MR_____
Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>JANET YAMANAKA MELLO<br><br>Defendant | Case No: SA:23-CR-00620-XR<br><br>**INDICTMENT**<br><br>Cts. 1-5: 18 U.S.C. § 1341<br>Mail Fraud<br><br>Cts. 6-9: 18 U.S.C. § 1957(a)<br>Engaging in a Monetary Transaction<br>Over $10,000 Using Criminally<br>Derived Proceeds<br><br>Ct. 10: 18 U.S.C. § 1028A(a)(1)<br>Aggravated Identity Theft |

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment:

1. The 4-H Military Partnership Grant was a program wherein 4-H, the United States Department of Agriculture (USDA), and U.S. Army, Child, Youth, and School (CYS) Services worked together to provide meaningful youth development opportunities for military-connected children. The partnership was funded by the Army, Navy and Air Force. Kansas State University administered the grant program through 4-H Military Liaisons and land-grant universities in each state. The faculty and staff at these land grant universities provided training and curriculum to military partners to help military-connected youth engage in 4-H projects. The entities that were trained by these universities were eligible to receive grant funds for the purpose of executing the kinds of experiences envisioned by the 4-H program.

2.      Defendant Janet Yamanaka MELLO (MELLO) worked for the U.S. Army at Fort Sam Houston in San Antonio, Texas as a CYS Financial Program Manager. Part of her job as a Financial Program Manager was to determine whether 4-H Military Partnership Grant program funds were available for the various entities that applied. Once MELLO determined the funds were available, her supervisor would approve the awarding of the funds to the applicant entity. The award package, which included a memo signed by MELLO indicating the funds were available, would then be sent to the Defense Financial Accounting Service (DFAS) with instructions to cut a check to the applicant entity in the amount specified in the award package. DFAS would then mail the check to the entity per the shipping instructions detailed in the memo.

*Relevant Entities and Financial Institutions*

3.      Bank 1 was a federally insured financial institution headquartered in North Carolina.

4.      Bank 2 was a federally insured financial institution headquartered in California.

5.      Bank 3 is a federally insured financial institution headquartered in Texas.

6.      Bank 4 is a federally insured financial institution headquartered in Texas.

7.      Retailer 1 was an online marketplace headquartered in New York.

8.      Commercial Carrier 1 is a commercial parcel carrier headquartered in Tennessee.

**COUNTS ONE THROUGH FIVE**
[18 U.S.C. § 1341]

9.      Paragraphs 1 through 8 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

*The Scheme to Defraud*

10.     In or around December 2016 through at least August 29, 2023, MELLO formed a business she called Child Health and Youth Lifelong Development (CHYLD). However, CHYLD

was not an actual business. It was formed by MELLO solely for the purpose of receiving grant funds from the 4-H Military Partnership Grant program, which she fraudulently secured for CHYLD by way of her position as a CYS Financial Program Manager. Consistent with the purpose of the scheme, MELLO spent the funds received by CHYLD on various personal items, including high-end jewelry, clothing, vehicles, and real estate.

*Manner and Means of the Scheme*

11. It was part of the scheme that MELLO drafted fraudulent memoranda indicating CHYLD was approved to receive grant funds under the 4-H Military Partnership Grant program and that grant funds were available. She submitted the paperwork to her supervisor for approval. MELLO played on the trust she had developed over the years with her supervisors and co-workers to secure the necessary approvals. After receiving the necessary approvals, the paperwork was then passed on to DFAS for payment.

12. As requested by MELLO in the fraudulent memoranda, DFAS sent the check in the amount requested to a UPS Store mailbox in and around San Antonio. The mailbox was rented by MELLO. Once the check was received, MELLO would deposit the check into a bank account she owned and controlled. MELLO then spent the money on clothing, jewelry, vehicles, and real estate. All in all, MELLO went through this process over forty times during a six-year period, securing over $100,000,000 for herself in the process.

*Purpose of the Scheme to Defraud*

13. It was the purpose of the scheme to defraud for MELLO to unlawfully enrich herself by, among other things, submitting and causing the submission of fraudulent grant award packages to DFAS which indicated CHYLD was an entity eligible to receive grant funds and then

take the proceeds from this fraudulent conduct for the personal use and benefit of herself and others.

14. On or about the dates listed below, in the Western District of Texas and elsewhere, Defendant,

**JANET YAMANAKA MELLO,**

15. with intent to defraud, devised the above-described scheme to defraud and obtain money and property by materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing the above-described scheme to defraud, knowingly caused to be delivered by a private and commercial interstate carrier, to wit, Commercial Carrier 1, according to the directions thereon, the following matter:

| Count | Approx. Date | Contents |
|---|---|---|
| 1 | 9/7/2022 | DFAS check number 10001161 in the amount of $4,799,282.50 and made payable to CHYLD. |
| 2 | 9/26/2022 | DFAS check number 10001164 in the amount of $5,429,001.97 and made payable to CHYLD. |
| 3 | 10/20/2022 | DFAS check number 10001169 in the amount of $5,122,230.97 and made payable to CHYLD. |
| 4 | 11/9/2022 | DFAS check number 10001173 in the amount of $5,617,234.37 and made payable to CHYLD. |
| 5 | 12/1/2022 | DFAS check number 10001177 in the amount of $5,864,669.44 and made payable to CHYLD. |

All in violation of Title 18, United States Code, Section 1341.

### COUNTS SIX THROUGH NINE
[18 U.S.C. 1957(a)]

16. Paragraphs 1 through 15 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

17. On or about the dates set forth below, in the Western District of Texas and elsewhere, Defendant,

**JANET YAMANAKA MELLO,**

18. did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000 by, through, or to a financial institution, to wit, by transferring funds and by making payments as described below, such property having been derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341.

| Count | Approximate Date | Transaction |
|---|---|---|
| 6 | 10/28/2022 | Wire of approximately $322,243.77 from the CHYLD account at Bank 1 ending in 3292 to an account at Bank 2 for the purchase of jewelry from Retailer 1. |
| 7 | 11/4/2022 | Wire of approximately $264,847.02 from MELLO's jointly-owned checking account at Bank 1 ending in 2364 to an account at Bank 3 for the purchase of a 2023 Land Rover Range Rover. |
| 8 | 11/28/2022 | Wire of approximately $3,308,157.99 from MELLO's jointly-owned checking account at Bank 1 ending in 2364 to an account at Bank 4 for the purchase of real property in Canyon Lake, Texas. |
| 9 | 11/29/2022 | Wire of approximately $466,292.81 from the CHYLD account at Bank 1 ending in 3292 to an account at Bank 2 for the purchase of jewelry from Retailer 1. |

All in violation of Title 18, United States Code, Section 1957(a).

## COUNT 10
[18 U.S.C. § 1028A(a)(1)]

19. Paragraphs 1 through 18 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

20. On or about November 28, 2022, in the Western District of Texas and elsewhere, Defendant,

**JANET YAMANAKA MELLO,**

21. did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the digital signature of S.K., which included S.K.'s full

name and unique identification number, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, Mail Fraud, as charged in Count Five of this Indictment, knowing that the means of identification belonged to another actual person, all in violation of Title 18, United States Code, Section 1028A(a)(1).

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
[*See* Fed. R. Crim. P. 32.2]

**I.**
**Mail Fraud Violations and Forfeiture Statutes**
**[Title 18 U.S.C. § 1341, subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth in Counts One through Five, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states the following:

> **Title 18 U.S.C. § 981.  Civil Forfeiture**
> **(a)(1)** The following property is subject to forfeiture to the United States:
> \* \* \*
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to  . . .  any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Mail Fraud is an offense constituting "specified unlawful activity" as defined in section 1956(c)(7) of this title.

> **Title 28 U.S.C. § 2461.**
> **(c)**  If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure . . . .

**II.**
**Money Laundering Violations and Forfeiture Statutes**
**[Title 18 U.S.C. § 1957(a), subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1)]**

As a result of the criminal violations set forth in Counts Six through Nine, the United States

of America gives notice to the Defendant of its intent to seek the forfeiture of property upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 982(a)(1), which states:

> **Title 18 U.S.C. § 982. Criminal forfeiture**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957 . . . shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand for Forfeiture includes but is not limited to the property described below.

## III.
## Money Judgment

**Money Judgment**: a sum of money which represents value of the property involved in and the amount of proceeds the Defendant obtained directly or indirectly as a result of the violations set forth above for which the Defendant is liable.

## IV.
## Substitute Property

If any property subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute property pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

███████████████

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

By: _____
FOR:   JUSTIN R. SIMMONS
          Assistant United States Attorney